IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JAMEY SMITH, on behalf of themself and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>THE CAMPBELL'S COMPANY and SNYDER'S-LANCE, INC.,<br><br>Defendants. | 1:24-CV-568 |

**ORDER**

Jamey Smith filed this action on behalf of himself and all others similarly situated, against Defendants The Campbell's Company (Campbell's Company) and Snyder's-Lance, Inc. (S-L), alleging (i) failure to pay minimum wage under the FLSA, (ii) failure to pay overtime under the FLSA, (iii) violation of the North Carolina Wage and Hour Act, and (iv) violation of the North Carolina Unfair and Deceptive Trade Practices Act. *Complaint*, D.E. 1 (July 10, 2024). Mr. Smith's claims assume that Campbell's Company and S-L intentionally misclassified him as an independent contractor under the Distributor Agreement between S-L and Smith Distribution, a company owned and operated by Mr. Smith. *See id*. Campbell's Company and S-L answered, asserting defenses to Mr. Smith's misclassification claim and, alternatively, a counterclaim for unjust enrichment. *Answer and Counterclaim*, D.E. 56 (May 19, 2026). Mr. Smith filed a motion to dismiss the counterclaim, arguing that (A) unjust enrichment is not available when there is a contract between the parties and (B) employers cannot countersue their employees to avoid or mitigate damages they owe under state and federal employment law. *Motion to Dismiss*, D.E. 61 (June 9, 2026).

To survive a motion to dismiss under Rule 12(b)(6), a party must allege enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation modified). Plausibility demands "factual content" that permits a "reasonable inference" of liability. *Id.* While the Court must "accept as true all well-pleaded allegations and view the complaint in the light most favorable to the plaintiff," it need not accept the plaintiff's legal conclusions, "unwarranted inferences, unreasonable conclusions, or arguments." *Philips v. Pitt*

*Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (citation modified). Nevertheless, the court considers only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

*A. Contract Between Parties*

"If an express contract exists between the parties, then the contract governs the claim and the law will not imply a contract." *Cabrera v. Harvest Street Holdings, Inc.*, 284 N.C. App. 227, 234 (2022) (citation modified). "Only in the absence of an express agreement of the parties will courts impose a quasi contract or a contract implied in law in order to prevent an unjust enrichment." *Id*. (citation modified). Therefore, "the focus in the quantum meruit context is on whether there is an express contract on the subject matter at issue and not on whether there was a contract between the parties." *Id.* (citation modified); *see also Paradigm Park Holdings, LLC v. Global Growth Holdings, Inc.*, 298 N.C. App. 64, 73 (2025).

If this Court agrees with Mr. Smith's theory that Campbell's Company and S-L intentionally misclassified him as an independent contractor, Campbell's Company and S-L argue that Mr. Smith should not be able to "retain the non-wage economic benefits he personally received and retained by virtue of Smith Distribution's independent contractor status, while simultaneously recovering 'wages' as an employee." *Response to Motion to Dismiss*, D.E. 68, at p. 6 (July 14, 2026).

There are two relevant contracts here. First, the Distributor Agreement between S-L and Smith Distribution. *See Distributor Agreement,* D.E. 56-1, at pp. 1–26 (May 19, 2026). Second, a personal guaranty by Mr. Smith in favor of S-L guaranteeing "the full and prompt payment of the Payments and the prompt and complete performance of all of the Company's obligations under or in connection with the Distributor Agreement." *Personal Guaranty,* D.E. 56-1, at p. 27 (May 19, 2026).

Mr. Smith argues that "[b]ecause there is a contract between the Parties governing the subject matter of the unjust enrichment claim—the 'independent' nature of the relationship between the Parties and receipt of benefits under that arrangement—Snyder's cannot pursue an unjust enrichment theory." *Memorandum in Support of Motion to Dismiss*, D.E. 61-1, at p. 9 (June 9, 2026). However, the threshold question of how a finding that Campbell's Company and S-L intentionally misclassified Mr. Smith as an independent contractor would affect the enforceability and scope of the Distributor Agreement prevents this conclusion.

Article 2.A of the Distributor Agreement creates "an independent contractor relationship" between the parties. D.E. 56-1, at p. 2. It then states that "[a]ny contrary final determination by any board, court of competent jurisdiction or agency shall entitle either party to immediately declare this Agreement null and void." *Id*. at 3. Based on this provision, an independent contractor relationship is at the center of the Distributor Agreement. However, the parties have not briefed what happens to the Distributor Agreement if the Court finds that Campbell's Company and S-L intentionally misclassified Mr. Smith as an independent contractor. Such a finding could give rise to several potential contractual remedies. For example, the Court could sever Article 2 pursuant to the severability provision in Article 24.C; declare the Distributor Agreement void, in whole or in part; or declare the Distributor Agreement voidable, in whole or in part. If the Court determines that the Distributor Agreement is voidable, the parties have not addressed whether *Mode v. SL Distribution Co., LLC*, No. 318CV00150KDBDSC, 2021 WL 3921344 (W.D.N.C. Sept. 1, 2021) is correct that a voidable contract prevents an unjust enrichment result or whether state law supports a different result. At this stage, Campbell's Company and S-L have adequately alleged a situation in which the Distributor Agreement is void and an unjust enrichment claim may go forward.

Mr. Smith citing *Universal Life Ins. Co. v. Lindberg*, No. 1:20CV681, 2022 WL 1394960 (M.D.N.C. Mar. 31, 2022), *report and recommendation adopted*, No. 1:20CV681, 2022 WL 1316588 (M.D.N.C. May 3, 2022), *aff'd*, No. 23-1313, 2024 WL 3935040 (4th Cir. Aug. 26, 2024) and *Mode*, No. 318CV00150KDBDSC, 2021 WL 3921344 argues that "[p]otential voidability of a contract does not give rise to an unjust enrichment claim." D.E. 61-1, at p. 9–10. However, neither case supports his argument. First, both cases are at the summary judgment stage. Second, in *Universal Life Ins. Co.*, the opinion expressly states that "the existence of an express contract between the Parties is not disputed." No. 1:20CV681, 2022 WL 1394960, at *11. And third, *Mode* allowed claims to go forward against the plaintiff in his individual capacity. No. 318CV00150KDBDSC, 2021 WL 3921344, at *20. Here, a similar argument can be made. Therefore, because the Distributor Agreement's potential voidability and scope remain unresolved, and this Court cannot resolve contests over the merits of a claim at this stage, the Distributor Agreement and personal guaranty do not bar the unjust enrichment claim.

*B. Avoiding or Mitigating Damages*

Mr. Smith also argues that "[e]mployers cannot countersue employees pursuing wage claims." D.E. 61-1, at p. 10. The only Fourth Circuit authority Mr. Smith cites for this argument is *Lyle v. Food Lion, Inc.*, 954 F.2d 984 (4th Cir. 1992). However, *Lyle* is fundamentally different than this case. In *Lyle*, two hourly Food

Lion workers, a meat market manager and a meat wrapper, brought claims against Food Lion to recover for uncompensated overtime hours. 954 F.2d at 986. Food Lion counterclaimed and filed a third-party complaint against the meat market manager arguing that he breached his contract with Food Lion by himself violating and allowing an employee under his supervision to violate Food Lion's policy against overtime work. *Id*. The Fourth Circuit held that the district court correctly dismissed the counterclaim and third-party complaint because "[i]n effect, Food Lion sought to indemnify itself . . . for its own violation of the FLSA, which . . . is something the FLSA simply will not allow." *Id*. at 987. That is not the case here. Campbell's Company and S-L are not countersuing Mr. Smith for the FLSA violation. Instead, they are arguing that if Mr. Smith is found to be an employee, instead of an independent contractor, and awarded damages based on that, those damages should be offset by any "non-wage economic benefits he personally received and retained by virtue of Smith Distribution's independent contractor status, while simultaneously recovering 'wages' as an employee." D.E. 68, at p. 6.

Accordingly, it is ORDERED that Mr. Smith's motion to dismiss, D.E. 61, is DENIED.

This the 8th day of October, 2026.

*/s/ David A. Bragdon*
United States District Judge